IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-00115-MEH-BNB

FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for
BESTBANK, BOULDER, COLORADO,

    Plaintiff,

v.

ST. PAUL COMPANIES, and ST. PAUL FIRE AND MARINE INSURANCE
COMPANY, as successors in interest to UNITED STATES FIDELITY &
GUARANTY COMPANY,

    Defendants.

---

**MEMORANDUM OPINION AND ORDER**

---

Before the Court is Defendants' Motion for Access to Grand Jury Materials [filed December 17, 2008; docket #102]. Pursuant to 28 U.S.C. § 636(c), the parties consented to the determination of this case by a United States Magistrate Judge. Plaintiff has not opposed the Motion as long as it too be allowed access to the grand jury materials, nor has the United States Attorney's Office filed any opposition after adequate notice [*see* dockets #103, 105]. For the reasons stated below, the Motion is **granted**.

**I.    Facts**

The Court incorporates the factual statement from its Order on the parties' motions for summary judgment. (Docket #91.) Additionally relevant for this Motion are the following facts. First, this case was stayed for a substantial period of time during the pendency of and in deference to the related criminal proceeding (which is now completed). (*See* dockets #63, 70.) Second, the memories of many witnesses in this case have faded, and the Defendants' right to a just and fair proceeding will be substantially damaged by lack of access to grand jury materials that were created at or around the time of the events that gave rise to this lawsuit.

**II.     Discussion**

Defendants accurately represent the standard that must be met prior to release of grand jury material. Defendants must establish that the materials are needed to avoid injustice in another judicial proceeding, that Defendants' need outweighs the need for continued secrecy of the materials, and that Defendants seek only those materials that are relevant to this judicial proceeding. *In re Special Grand Jury 89-2*, 143 F.3d 565, 569 (10th Cir. 1998). For the reasons stated in the Motion, the Court finds that all of these have been met, and the issue is not a close one.

The Court believes that the most efficient manner in which to proceed is for appointment of a Special Master to review the grand jury materials and submit a recommendation to the Court on what materials should be released. Federal Rule of Civil Procedure 53 governs the appointment of a Special Master. It states, in relevant part, that "[t]he court in which any action is pending may appoint a special master therein." Reference to a master "shall be the exception and not the rule," and shall be made "upon a showing that some exceptional condition requires it." *E.g., Burlington Northern v. Dep't of Revenue,* 934 F.2d 1064, 1071 (9th Cir. 1991) (quoting Fed. R. Civ. P. 53(b)). "The use of masters is 'to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause,' and not to displace the court." *La Buy v. Howes Leather Co.,* 352 U.S. 249, 256 (1957) (quoting *Ex Parte Peterson,* 253 U.S. 300 (1920)). *See also* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2601 (1995) (the appointment of a master is for the purpose of assisting the court to obtain facts). "The Courts have tended to read Rule 53 narrowly, closely circumscribing the range of circumstances in which reference to a master is appropriate." *Burlington Northern,* 934 F.2d at 1071 (quoting *In re Armco,* 770 F.2d 103, 105 (8th Cir. 1985)).

The Court intends to appoint a Special Master who is a former federal prosecutor who had no involvement with the underlying criminal case. The Special Master's duties will include becoming familiar with the scope of claims in this case, reviewing the grand jury materials, and

recommending to this Court the materials to which all of the parties in this matter may have access. The Special Master should proceed with all reasonable diligence, considering the age of this lawsuit. The Court does not envision any need for *ex parte* communications between the Special Master and the Court except in the event that the Special Master confronts some unforeseen difficulty in accomplishing this task. The Defendants will pay for the Special Master's services and all associated costs. Based on the factors identified in Fed. R. Civ. P. 53(h), the Court believes this is a proper allocation of the costs. The Court would consider this an "interim allocation," and the Court would entertain any motion for re-allocation after this process is completed.

However, because the appointment of a Special Master was not addressed in the Motion, and because it is a fairly uncommon occurrence in federal court, the Court will permit the parties to file any opposition to the use of a Special Master on or before **January 23, 2009**.

**III. Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion for Access to Grand Jury Materials [filed December 17, 2008; docket #102] is **granted**. The parties may file any supplemental statement regarding the Court's proposed use of a Special Master on or before **January 23, 2009**.

Dated at Denver, Colorado this 16th day of January, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge